**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Pepaj, et al., | No. CV-19-01438-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Paris Ultra Club LLC, | |
| Defendant. | |

Plaintiffs Eva Pepaj, Paola Canas, CJ Gibson, Danielle Ruiz, Claudia Sampedro, and Alana Campos ("Plaintiffs") filed a complaint initiating this action on March 1, 2019, and the case was reassigned to the undersigned judge by random draw on March 18, 2019. Having reviewed the Complaint (Doc. 1), the Court has determined that Plaintiffs failed to adequately plead subject-matter jurisdiction.

The Court has an independent obligation to determine on its own initiative whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiffs allege that "[j]urisdiction is appropriate in the United States District Court for the District of Arizona based on 28 U.S.C. § 1332 in that all Plaintiffs to this action are citizens of a foreign state, Defendant is a citizen of Arizona, and the amount in controversy exceeds $75,000." (Doc. 1 at ¶ 11.) Diversity jurisdiction exists when there is complete

diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

"[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Alleging that a person is a "resident" of a state is not adequate for purposes of alleging state citizenship, because a natural person's state citizenship is "determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857.

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Failure to specify each party's state citizenship is fatal to an assertion of diversity jurisdiction. *Kanter*, 265 F.3d at 857.

Plaintiffs failed to allege the citizenship of each Plaintiff in their complaint. Plaintiffs allege that Plaintiff CJ Gibson is a "resident" of California (Doc. 1 at ¶ 14), but they fail to allege that she is domiciled in California. *See Kanter*, 265 F.3d at 857. Plaintiffs did not attempt to affirmatively allege the citizenship of Plaintiffs Eva Pepaj, Paola Canas,[1] Danielle Ruiz, Claudia Sampedro, and Alana Campos. (*See* Doc. 1 at ¶¶ 13, 15-17.)

Defective allegations regarding citizenship may be amended. *Id.* The Court will allow Plaintiffs to amend their complaint.[2]

---

[1] Indeed, Plaintiff Paola Canas was not mentioned at all in the "PARTIES" section of the Complaint.

[2] This amendment will not affect Plaintiffs' ability to later file an amended complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See*

Accordingly,

**IT IS ORDERED** that by **April 2, 2019**, Plaintiffs shall file an amended complaint, properly alleging diversity jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction on **April 3, 2019**.

Dated this 20th day of March, 2019.

Dominic W. Lanza
United States District Judge

---

*Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015).