**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Pepaj, et al., | No. CV-19-01438-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Paris Ultra Club LLC, | |
| Defendant. | |

Pending before the Court is the Amended Motion to Withdraw as Counsel of Record (Doc. 21) filed by Richard Traulsen and the firm of Begam Marks & Traulsen, P.A. ("Counsel"), seeking withdrawal as counsel for Plaintiffs without their consent. For the following reasons, the motion will be denied without prejudice.

On Thursday, April 11, 2019, Counsel filed a Notice of Withdrawal (Doc. 15) purporting to withdraw without a Court order, in violation of LRCiv 83.3. On Monday, April 15, 2019, Counsel filed its first motion to withdraw, stating that "Brian M. Bush, who has been admitted pro hac vice, and the firm of Boucher LLP will continue as counsel for all Plaintiffs" and that Counsel and Plaintiffs "have terminated their attorney/client relationship." (Doc. 16 at 2.) That same day, the Court denied the motion without prejudice and explained its reasons for the denial: "The motion doesn't provide an adequate reason for the Court to grant the motion, the certificate of service is inadequate to assure the Court that all Plaintiffs were served with the motion, the motion fails to specify the last known residence and telephone number of the client, and it fails to include

the certificate required by LRCiv. 83.3(b)(2)."  (Doc. 17.)

On June 6, 2019, Counsel filed its Amended Motion to Withdraw as Counsel of Record.  (Doc. 21.)  Counsel included a "Certificate of Compliance with Rule 83.3(b)(2)," averring that Counsel advised Plaintiffs through their other counsel, Brian Bush, of the status of the case, dates and times of any court hearings, all existing court-ordered deadlines and the need to comply with those deadlines, and the possibility of sanctions if deadlines are not met.  (Doc. 21-2 at 2.)  Counsel also included an affidavit of Brian Bush, stating that Plaintiffs have authorized him and his law firm, Boucher LLP, to accept service related to this action on their behalf.  (Doc. 21-1 at 2.)  Bush's affidavit further states that because "Plaintiffs are models, spokesperson, and social media personalities with large fan-bases, they would prefer to not have their personal addresses and phone numbers published in a public court filing, as would normally be contemplated under Arizona's rules."  (*Id.*)

The amended motion satisfies the service requirement and the certificate requirement of LRCiv 83.3(b)(2).  Moreover, the Court finds that good cause exists under the circumstances of this case to relieve Counsel of the need to specify the last known residence and telephone number of the client, as is normally required by LRCiv 83.3(b).

Nevertheless, the amended motion again fails to set forth the reasons for the withdrawal, as is required by LRCiv 83.3(b).  Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the request.  *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court.").

"Justifiable cause" is not a terribly demanding standard, but it hasn't been satisfied here.  In the unusual circumstance that a party decides to terminate an attorney/client relationship but for whatever reason refuses to give written approval for the terminated counsel's withdrawal, the withdrawing attorney could state as much.  But generally, when an attorney seeks leave to withdraw from representation and does not include the written approval of the client, the decision to withdraw is the attorney's, not the client's.  In such

a circumstance, the Court requires the attorney to provide a reason justifying the decision to withdraw.

Thus, Counsel's second motion to withdraw will be denied without prejudice. To withdraw as counsel pursuant to LRCiv 83.3(b), Counsel must either secure Plaintiffs' written approval (which could be provided via their California counsel Brian Bush, but his affidavit does not expressly tender his clients' consent, and the Court will not infer their consent when it is conspicuously absent) or provide an adequate reason to justify the withdrawal.

Accordingly,

**IT IS ORDERED** that the Amended Motion to Withdraw as Counsel of Record (Doc. 21) is denied without prejudice.

Dated this 20th day of June, 2019.

Dominic W. Lanza
United States District Judge